United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-20332
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO MORALES-VEGA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-02-CR-641-1)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges

PER CURIAM:[*]

Alejandro Morales-Vega ("Morales") appeals his guilty-plea conviction for illegal re-entry following deportation. Morales contends 8 U.S.C. § 1326(b) is unconstitutional in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), claiming a majority of the Supreme Court feels *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), was incorrectly decided. Morales acknowledges that this contention is foreclosed by circuit precedent, but raises it to preserve it for possible review by the Supreme Court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *see also United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).

Morales seeks remand pursuant to FED. R. CRIM. P. 36 for correction of a clerical error in the judgment. The Government concedes that remand is appropriate because the written judgment does not reflect that, at sentencing, the district court orally granted its motion to remit the $100 special assessment. Accordingly, this action is **REMANDED** for the sole purpose of allowing the district court to correct the judgment to reflect that the $100 special assessment is abated.

*AFFIRMED, REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT*